ARDEN WOOD, INC., et al., Appellants

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et
al., Appellees.

No. 05–5268.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 22, 2006.

Lawrence Philip Lataif, Karen Melody Holland, Lataif & Associates, Fort Lauderdale, FL, for Appellants.

R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, Laurie Weinstein, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: GINSBURG, Chief Judge, and HENDERSON and RANDOLPH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed. We review the district court's denial of a preliminary injunction for abuse of discretion, a deferential standard "justified by the latitude the district court properly enjoys in balancing the four factors that traditionally constitute the preliminary injunction calculus." *City of Las Vegas v. Lujan*, 891 F.2d 927, 931 (D.C.Cir.1989). "[P]reliminary relief is to be granted only if the moving party establishes that (1) it has a substantial likelihood of succeeding on the merits; (2) it will suffer irreparable harm if the injunction is not granted; (3) other interested parties will not suffer substantial harm if the injunction is granted; and (4) the public interest will be furthered by the injunction." *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C.Cir.1989).

In this case the appellants have failed to establish they are in imminent danger of suffering specific, irreparable harm from the Citizenship and Immigration Services' application of the challenged policy. Accordingly, we conclude the district court did not abuse its discretion in denying the requested relief. *See Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985) ("The basis for injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.